U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

MAR 14 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **KENNETH LEE WHEELER** | **CIVIL ACTION NO. 15-2419** |
| VS. | SECTION P |
| **WAYNE MELANSON, ET AL** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on September 24, 2015 by *pro se* plaintiff Kenneth Lee Wheeler. Plaintiff is an inmate in the custody of Louisiana Department of Corrections. He is incarcerated at the River Bend Detention Center in Lake Providence, Louisiana, but his claims stem from his incarceration at the Acadia Parish Detention Center in Crowley, Louisiana. He complains of conditions of confinement, naming as defendants Wayne Melanson (sic), the Sheriff of Acadia Parish and Warden Laura Benoit. He asks only for transfer to another institution. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted.

*Statement of the Case*

Plaintiff is an inmate in the custody of the DOC. He is currently incarcerated at the River Bend Detention Center, and apparently has been incarcerated at that facility since December, 2015. [Rec. Doc. 6] On September 25, 2015, plaintiff was incarcerated at the Acadia Parish Detention

Center. On that date he filed a civil rights complaint claiming that he was subject to unconstitutional conditions of confinement. He sued the Acadia Parish Sheriff and the Warden of the Detention Center and prayed for his immediate transfer. [Rec. Doc. 1] Plaintiff complains about the conditions of confinement at the Acadia Parish Detention Center, specifically, that the windows are painted over, allowing no sunlight to enter, the tables where meals are eaten are rusty, the showers "have mildew and are nasty," the trap that the uncovered food trays pass through are rusty and the inmates are served cold meals and not served a balanced breakfast. As noted above, he prays only for his immediate transfer to an unspecified DOC facility.

### *Law and Analysis*

### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. Transfer

Plaintiff's prayer for relief seeks only an immediate transfer to another facility. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department..." La. R.S.15:824(A).

Plaintiff is an DOC inmate and therefore his placement is solely within the purview of the DOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell,* 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin*, 104 F.Supp.2d 643 (W.D.La. 2000). Clearly, plaintiff is not entitled to the relief prayed for and his complaint must be dismissed accordingly.

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996). In Chambers, Lafayette, Louisiana _MARCH 12_, 2016.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 3/14/2016
BY:
TO: